## COBE *v.* DARROW ET AL.

[No. 9,015. Filed April 19, 1916. Rehearing denied June 30, 1916.
Transfer denied November 28, 1916.]

1. APPEAL.—*Assignment of Error.—Grounds.*—Alleged error of the
trial court in directing a verdict is not ground for an independent
assignment of error. p. 170.

2. PUBLIC LANDS.—*Swamp Lands.—Patents.*—A state patent con-
veying title to a certain described section of land, together with.
all rights, privileges, immunities and appurtenances of whatever
nature thereto belonging, such patent having been made according
to the act of 1852 regulating the sale by the state of swamp lands
donated by the United States to the State of Indiana, is held, on
the authority of the *State* v. *Tuesburg Land Company* (1915), 61
Ind. App. 555, not to convey title to the thread of a stream form-
ing a boundary line of the section, even though the stream is a
nonnavigable river. p. 172.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by Ira M. Cobe against Samuel Darrow and others.
From a judgment for defendants, the plaintiff appeals.
*Affirmed.*

*Stanley W. Swabey* and *Charles Hamilton Peters,* for
appellant.

*E. D. Crumpacker, Grant Crumpacker* and *O. S. Crum-
packer,* for appellees.

HOTTEL, J.—In a complaint to quiet title to certain real
estate in Starke county, Indiana, and to cancel a mortgage
thereon, appellant claims to be the owner in fee simple of
the following described real estate situate in said county:

"Commencing at a point at the northwest corner of
the northeast quarter of the northwest quarter of said
section 13 (Tp. 33 north, range 3 west) and extending
directly west to the thread of the stream of the Kan-
kakee river; thence down the thread of said stream to
a point directly west of the southwest corner of the
southeast quarter of the northwest quarter of said sec-
tion 13; thence due east to the southwest corner of the
southeast quarter of the northwest quarter of said sec-
tion 13; thence due north to the place of beginning."

Appellees admit by answer that appellant is the owner in fee of the west half of the northwest quarter of said section 13, consisting of eighty acres, bounded on the west by the west line of section 13, and that they are not claiming, and never have claimed, any interest therein, and are not in possession thereof; but they deny that appellant owns or has any interest in any of the land described in the complaint west of the boundary line of said section 13, as marked and established by the United States government survey west of what purports to be the meander line of the Kankakee river.

The cause was submitted to trial by jury, and at the close of plaintiff's (appellant's) evidence, appellees orally moved the court to instruct the jury to return a verdict in their favor. This motion was sustained, and under instruction of the court, to the giving of which the plaintiff excepted, the jury returned a verdict for the defendants (appellees). Appellant's motion for a new trial was overruled and judgment was rendered on the verdict.

The errors relied on for reversal are: "Error of the court in instructing the jury to return a verdict for defendants"; and error of the court in overruling plaintiff's motion for a new trial.

The first error assigned is not ground for independent assignment and presents no question. Appellant's motion for a new trial is based on three specifications or grounds, viz.: that the verdict is not sustained by sufficient evidence; that it is contrary to law; and that the court "erred in sustaining defendant's motion to instruct the jury to return a verdict for the defendant."

The question which appellant attempts to present by his appeal, stated in his own words, is as follows: "The appellant claims title under two patents from the State of Indiana to E. M. Burch, dated February 6, 1858, conveying the west half of the northwest quarter of section thirteen (13), township thirty-three (33), range three (3) west, 'to-

gether with all rights, privileges, immunities and appurtenances of whatever nature thereto belonging,' which patents recite that they are made according to the provisions of an Act of the General Assembly of the State of Indiana, approved May 29, 1852, entitled, 'An Act regulating the sale of Swamp Lands donated by the United States to the State of Indiana, and to provide for the drainage and reclamation thereof, in accordance with the condition of said grant'; and also of the several acts supplemental thereto, and that as the owner of the uplands specifically described in said grants, and deraigning title from the United States, he is the owner of the bed of the Kankakee River to the thread of the channel thereof, and that his northern boundary extends from the northwest corner of the west half of the northwest quarter of section thirteen (13) due west to the center or thread of the river; that his western boundary is the center or thread of the Kankakee river, and that his south line is a line starting at the southwest corner of the said west half and running due west to the center of the same stream; the lines so claimed would include the north half of what would have been section fourteen (14), had not the space been occupied by the Kankakee River, and the northeast quarter of fractional section 15, had the latter been extended to a full section—the area depending upon the exact location of the middle or thread of the channel of the Kankakee river at the time of the government's survey of 1835.'' The appellant claims title to the land in controversy under the riparian theory, and by virtue of the common-law doctrine of riparian ownership.

On the other hand appellees contend ''that the Kankakee river is not the west boundary of section 13, but that the line shown on the plat one mile in length, and which coincides with the government meander line, is the boundary line of that section and that appellant acquired no title to any lands west of that line; that while a meander line is

not necessarily or usually a boundary line, a section line is always a boundary line, because it is made so by express declaration of law, which enters into and forms a part of every conveyance of land within a particular section, and the fact that the section line is also a meander line does not render it any the less a boundary line of the section and of all lands embraced therein.'' Appellees further contend ''that appellant failed to make out a case which entitled him to go to the jury, for the reason that appellant's evidence failed absolutely to prove one material allegation of his complaint, and that is, that appellees were asserting or claiming title to the real estate in controversy.''

Giving to appellant the full benefit of his contention herein, the question, *supra,* indicated as the one claimed by him to be presented by this appeal, is controlled by

2.  the principles of law announced in the case of *State* v. *Tuesburg Land Co.* (1916), 61 Ind. App. 555, 109 N. E. 530, 111 N. E. 342. That case now has the approval of the Supreme Court, the petition to transfer such case having been denied by the Supreme Court, April 6, 1916. The law announced in that case authorized the peremptory instruction given by the trial court in the instant case, and requires an affirmance of the judgment below. If appellees' contention and claim in the instant case be correct, the trial court had additional reasons for giving such instruction; but for the purposes of the question presented we need not inquire or enter into a consideration of appellees' contention. The judgment is therefore affirmed.

NOTE.—Reported in 112 N. E. 257. Government grant, nontidal, navigable river as boundary, extent of title, 24 L. R. A. (N. S.) 1240. See under (2) 5 Cyc 894-896; 61 Ind. App. 555, 608.